UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MENDEL,

     Plaintiff,

-vs-                   Case No. 2:11-cv-10496-VAR-MKM
                              HON. VICTORIA A. ROBERTS

CITY OF GIBRALTAR,

     Defendant.

                                            /

| | |
|---|---|
| L. RODGER WEBB (P33356) | CHARLES E. WYCOFF (P23804) |
| L. Rodger Webb, P.C. | CASSANDRA L. BOOMS (P71998) |
| Attorney for Plaintiff | LOGAN, HUCHLA & WYCOFF, P.C. |
| 17000 W. Ten Mile Road | Attorneys for Defendant |
| 2nd Floor | 13900 Sibley Rd., P.O. Box 2148 |
| Southfield, MI 48075 | Riverview, MI 48193 |
| (248) 395-9750 | (734) 283-5300 |

                                            /

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

     NOW COMES the Defendant, City of Gibraltar, by and through its attorneys, Logan, Huchla and Wycoff, P.C., and hereby states the following in support of its Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56(b):

     1.     Plaintiff filed his Complaint, alleging that Defendant violated the rights he was entitled to under the Family and Medical Leave Act (FMLA), in the above-captioned case on or about February 8, 2011.

     2.     Plaintiff was employed with Defendant, as a dispatcher, until he was deemed a voluntary quit, on or around February 23, 2009, due to his insubordination and failure to comply with directives issued to him by his supervisor, Police Chief Canterbury.  Exhibit 1.

3.  Only "eligible employees," as defined by the FMLA, are entitled to FMLA leave and the FMLA, 29 USCA 2611(2), defines "eligible employee" as the following:

> (2) Eligible employee
>
>> (A) In general
>>
>> The term "eligible employee" means an employee who has been employed- -
>>
>>> (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and
>>>
>>> (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.
>>
>> (B) Exclusions
>>
>> The term "eligible employee" does not include- -
>>
>>> (i) and Federal officer or employee covered under subchapter V of chapter 63 of Title 5; or
>>>
>>> (ii) *any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.* (emphasis supplied)

4.  Plaintiff's Complaint completely fails to properly plead that he is an "eligible employee" under the FMLA pursuant to 29 USCA 2611(2)(A) and (B) and, thus, entitled to benefits under 29 USCA 2612(a)(1).

5.  Plaintiff's failure to plead a statement of a claim showing that he is entitled to relief, as required by Fed. R. Civ. Pro 8(a)(2), is evidenced by Paragraph 5 of his Complaint in which he neglects to plead that he satisfies all elements defining "eligible employee" under the

FMLA pursuant to 29 USCA 2611(2)(A) and (B), as he does not state that he was employed at a worksite with at least 50 employees.

6.  Defendant's Response to Plaintiff's Request for Admissions shows that Defendant employed no more than 41 employees during the relevant time period.  Exhibit 2.

7.  Plaintiff did not plead, and is unable to factually plead, that he was employed at a worksite with 50 or more employees, as required by 29 USCA 2611(2) and 29 CFR 825.108(d).

8.  Plaintiff contests that the Gibraltar Volunteer Firefighters are employees of Defendant and, thus, should be counted as employees for purposes of determining Plaintiff's eligibility for FMLA benefits pursuant to of 29 USCA 2611(2) and 29 CFR 825.108(d).

9.  To define "employee," the FMLA, 29 USCA 2611(3) cites Section 203 of the Fair Labor Standards Act (FLSA).

10.  The definition of "employee" pursuant to the FLSA, 29 USCA 203(e)(4)(A), is as follows:

> The term "employee" does not include any individual who volunteers to perform services for a public agency which is a State, a political subdivision of a State, or an interstate governmental agency, if—
>
> (i) the individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual volunteered; and
>
> (ii) such services are not the same type of services which the individual is employed to perform for such public agency.

11.  Gibraltar Volunteer Firefighters are not employees of the City of Gibraltar as they receive only a nominal stipend of fifteen dollars an hour for time spent at an emergency/fire call, they are not required to respond to an emergency/fire call, they are not on the City's payroll, and because none of the volunteers are also employed by the City to perform similar services.

12.     Plaintiff has deposed the City's Fire Chief, has been given access to the City's files and records, and has been given specific and on-point legal research regarding employee v. volunteer status.

13.     Plaintiff has indicated that he would dismiss this action, should he find no evidence suggesting that the Gibraltar Volunteer Firefighters are employees of the City.

15.     Since the conclusion of the Fire Chief's deposition on July 6, 2011, Plaintiff has taken no action to pursue his claim before this Honorable Court.

16.     Plaintiff has found no evidence suggesting that the Gibraltar Volunteer Firefighters are employees pursuant to the FMLA and FLSA, but has refused to dismiss his action.

17.     Defendant has made several requests to Plaintiff to dismiss this action, all of which have been denied by Plaintiff.

**WHEREFORE,** for the reasons stated above and in the accompanying Brief, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's cause of action, award Defendant costs and fees associated with defending this lawsuit, and such other relief which this Honorable Court deems to be equitable and just.

Respectfully submitted,

LOGAN, HUCHLA & WYCOFF, P.C.
Attorneys for Defendant

By:_____/s/_____.
          Charles E. Wycoff (P23804)
13900 Sibley Rd, P.O. Box 2148
Riverview, Michigan 48193
(734) 283-5300

DATED: September 20, 2011

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MENDEL,

        Plaintiff,

  -vs-                             Case No. 2:11-cv-10496-VAR-MKM
                                      HON. VICTORIA A. ROBERTS

CITY OF GIBRALTAR,

        Defendant.

                                                         /

| | |
|---|---|
| L. RODGER WEBB (P33356) | CHARLES E. WYCOFF (P23804) |
| L. Rodger Webb, P.C. | CASSANDRA L. BOOMS (P71998) |
| Attorney for Plaintiff | LOGAN, HUCHLA & WYCOFF, P.C. |
| 17000 W. Ten Mile Road | Attorneys for Defendant |
| 2nd Floor | 13900 Sibley Rd., P.O. Box 2148 |
| Southfield, MI 48075 | Riverview, MI 48193 |
| (248) 395-9750 | (734) 283-5300 |

                                                          /

## **DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

     NOW COMES the Defendant, City of Gibraltar, by and through its attorneys, Logan,

Huchla and Wycoff, P.C., and hereby respectfully submits the following Brief in support of its

Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56(b).

### **Introduction**

     Plaintiff Mendel worked for the City of Gibraltar police department as a dispatcher.  His

employment was subject to and governed by a collective bargaining agreement.  Beginning in

May of 2008, Plaintiff began demonstrating a pattern of not reporting to work when scheduled,

not giving sufficient notice regarding inability to work, not providing documentation excusing

his absences when so requested, and refusing to follow both written and verbal work rules and

directives issued by his immediate supervisor- the chief of police.  After several incidents in

August 2008, December 2008, January 2009 and February 2009, where the Plaintiff failed to report to work for scheduled shifts, failed to provide adequate notice of unavailability prior to scheduled shifts, abused sick leave, and failed to provide doctors' notes excusing his absences when so requested, he was deemed to have voluntarily terminated his employment with the City. Plaintiff was deemed to be a voluntary quit as he had refused to comply with written and verbal directives put to him by the chief of police.  After filing an action against the City and his union, claiming breach of contract and breach of the duty of fair representation in the Wayne County Circuit Court, Plaintiff decided to file this present FMLA violation claim.

While the City is an FMLA-covered employer, 29 USC 2611 and 29 CFR 825.108, one must then determine whether or not Plaintiff Mendel is an "eligible employee" entitled to the Family and Medical Leave Act's (FMLA) benefits and protections.  Since the City employed fewer than 50 employees during his employment, he does not qualify as an "eligible employee." 29 CFR 825.108(d).  Without satisfying the FMLA's eligibility requirements, he cannot assert and maintain his claim that his FMLA rights were violated as he had no rights.

Since the initiation of this litigation, the Defendant City has maintained that it employed fewer than 50 employees. As evidence of this fact, and in an effort to appease Plaintiff, the City has promptly provided every shred of relevant evidence requested by Plaintiff- including payroll records; Request for Admissions which specifically questioned the status of purported employees; research regarding the issue of employee vs. volunteer; an Arbitration Brief regarding this very same issue arguing that the Gibraltar Volunteer Firefighters are not employees; and cooperated in Plaintiff's deposition of the Gibraltar Fire Chief, who essentially testified to everything previously provided regarding the status of Gibraltar Volunteer Firefighters.  Plaintiff, however, has made no effort to proceed with or dismiss his action.

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(b), a party against whom a claim is asserted "may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323; See also *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed.1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conversely, where a reasonable jury could not find for the non-moving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial," will mandate the entry of

summary judgment. *Celotex* at 322-23. The non-moving party may not rest upon the mere

allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in

Fed. R. Civ. P. 56, must set forth specific facts which demonstrate that there is a genuine issue

for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce evidence of

evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of

Educ.*, 106 F.3d 135, 145 (6th Cir.1997); see *Anderson* at 252 (holding that the non-moving party

must produce more than a scintilla of evidence to survive summary judgment).

### Applicable Law

"FMLA entitles an eligible employee to as many as twelve weeks of leave during any

twelve-month period if the employee has a 'serious health condition that makes the employee

unable to perform the functions of the position of such employee.'" *Arban v. West Publishing

Corp.*, 345 F.3d 390, 400 (6th Cir. 2003) (citing 29 U.S.C. § 2612(a)(1)(D). It is unlawful under

the FMLA for "any employer to interfere with, restrain, or deny the exercise of or the attempt to

exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). It is equally

unlawful "for any employer to discharge or in any other manner discriminate against any

individual for opposing any practice made unlawful by [the FMLA.]" 29 U.S.C. § 2615(a)(2).

The court in *Hornbuckle v. Detroit Receiving Hosp. and University Health Center*, 407

F.Supp.2d 853, 858-859, (E.D. Mich. 2005), clearly stated the ***requirements a plaintiff must

prove to establish a prima facie case of an FMLA violation as the following***:

> (1) *she is an eligible employee,* as defined in 29 U.S.C. § 2611(2);
> (2) defendant is an employer, as defined in 29 U.S.C. § 2611(4);
> (3) she was entitled to take leave for one of the reasons set forth in
> the FMLA under 29 U.S.C. § 2612(a)(1); (4) she gave notice of her
> intention to take leave, as required by 29 C.F.R. §§ 825.302-.303;
> and (5) defendant denied her benefits to which she was entitled

under the FMLA. *Cavin* v. *Honda of Am. Mfg.*, 346 F.3d 713, 719 (6th Cir.2003). (emphasis supplied)

Most important to note, however, is that "the FMLA provides that only an employer who has violated the rights of an 'eligible employee' may be liable in a civil action under the enforcement statute. 29 USC § 2617(a)(1)." *Davis* v. *Michigan Bell Telephone Co.*, 2007 WL 844825, (E.D. Mich. 2007)

The FMLA, as well as the applicable Code of Federal Regulations (CFR), provides ample guidance in defining "employer" and "eligible employee." An "employer" is "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees…" and includes any "public agency" as defined by Section 203x of the Fair Labor Standards Act (FLSA). 29 U.S.C. § 2611(4).

An "eligible employee" is an employee who (1) has been employed by the employer for at least 12 months; (2) has been employed for at least 1,250 hours of service during the 12 month period immediately preceding the commencement of leave; and (3) is employed at a worksite where 50 or more employees are employed within 75 miles of that worksite. 29 USC 2611(2), and 29 CFR 825.110. Specific guidance regarding employees of public agencies is provided by 29 CFR 825.108(d):

> "All public agencies are covered by the FMLA regardless of the number of employees; they are not subject to the coverage threshold of 50 employees carried on the payroll each day for 20 or more weeks in a year. ***However, employees of public agencies must meet all of the requirements of eligibility, including the requirement that the employer (e.g. State) employ 50 employees at the worksite or within 75 miles***." (emphasis supplied)

<u>Argument</u>

## I. PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF FMLA VIOLATION AND, THUS, DEFENDANT CITY IS ENTITLED TO SUMMARY JUDGMENT DIMISSING THIS ACTION.

Without question, the Defendant is an FMLA covered employer. 29 USC 2611 and 29 CFR 825.108. With that determined, the next step, prior to discussing other elements of a prima facie FMLA violation, is to determine whether or not Plaintiff is an "eligible employee" and even entitled to the FMLA's benefits and protections. It is Defendant City's position that Plaintiff cannot meet the FMLA's eligibility requirements and, thus, is not an "eligible employee" as defined in 29 USC 2611(2), has no claim pursuant to the FMLA and, thus, has no proper claim before this Honorable Court.

As seen above, pursuant to the CFR, even employees of public agencies must meet all of the FMLA's eligibility requirements. 29 CFR 825.108(d) and *Fain* v. *Wayne County Auditor's Office*, 388 F.3d 257 (7th Cir. 2004). While Defendant City will admit that Plaintiff fulfills the 12 month and 1,250 hour eligibility requirements, it maintains that Plaintiff does not meet the third eligibility requirement as there were not 50 or more employees at his worksite. 29 USC 2611(2) and 29 CFR 825.108(d). During the applicable period of Plaintiff's employment, the Defendant City employed no more than 41 employees. See Exhibit 2. Since Plaintiff is not an "eligible employee" he is not entitled to the FMLA's benefits and protections.

This conclusion and determination has been shared with Plaintiff on many occasions. However, it is Plaintiff's opinion and assertion that the Gibraltar Volunteer Firefighters are actually employees of the Defendant City and, thus, he does meet the 50 employee eligibility requirement.

6

When defining "employ" and "employee" the FMLA turns to the Fair Labor Standards Act (FLSA), see 29 USCA 2611(3) and 29 USCA 203.  The FLSA, 29 USCA 203(e)(4)(A), states:

> (A) The term "employee" does not include any individual who volunteers to perform services for a public agency which is a State, a political subdivision of a State, or an interstate governmental agency, if-
>
> (i)    the individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual volunteered; and
>
> (ii)   such services are not the same type of services which the individual is employed to perform for such public agency.

Providing further clarification in regards to the definition of "volunteer" is the Application of the Fair Labor Standards Act to Employees of State and Local Governments, 29 CFR 553.101, which states "an individual who performs hours of service for a public agency for civic, charitable, or humanitarian reasons, without promise, expectation or receipt of compensation for services rendered, is considered to be a volunteer during such hours."  Section 553.101 goes on to state that to be considered a volunteer, services must be "offered freely and without pressure or coercion…from an employer," and the individual may not be otherwise "employed by the same public agency to perform the same type of services" as those for which he is volunteering.

Moreover, individuals do not lose their volunteer status and become employees merely because they receive some personal benefit.  Pursuant to 29 CFR 553.106 "*volunteers may be paid expenses, reasonable benefits, a nominal fee, or any combination thereof for their service;*" may be "*reimbursed for tuition, transportation and meal costs involved in attending classes intended to teach them to perform efficiently…as volunteers;*" and may be "*provided*

7

*books, supplies, or other materials essential to their volunteer training,"* all without losing their

status as volunteers. (emphasis supplied). While a "nominal fee is not a substitute for

compensation and must not be tied to productivity... *this does not preclude the payment of a*

*nominal amount on a 'per call' or similar basis to volunteer firefighters.*" (emphasis supplied)

29 CFR 553.106(e).

In determining the volunteer status of paramedics, the court in *Harris* v. *Mecosta County*,

1996 WL 343336 (W.D. Mich.), noted that pursuant to "Department of Labor Wage & Hour (W

& H) Opinion Letter, October 1, 1987, receipt of $8 to $52 per assignment, a uniform and

coverage under the city's workers' compensation plan did not impair volunteer status." A copy

of the decision is attached as Exhibit 3.  The *Harris* court went on to determine that providing

medical first responders $7.50 an hour for all hours of service was a reasonable benefit and did

not interfere with their volunteer status.  Furthermore, Department of Labor Wage & Hour

Opinion Letter, December 18, 2008, stated that "as a general rule, the Department finds that a fee

paid is (apart from expenses) nominal as long as it does not exceed 20 percent of the amount that

otherwise would be required to hire a permanent employee for the same services."  In other

words, "a willingness to volunteer for an activity for 20 percent of the prevailing wage for the

job is a likely indicium of the spirit of volunteerism contemplated by the 1985 amendments to

the FLSA."  A copy of the letter is attached as Exhibit 4.

Applying the FLSA's definition of "employee," it is clear that the Gibraltar Volunteer

Firefighters are not employees of the Defendant City.  Many of the Volunteer Firefighters are

motivated by civic reasons and family tradition, and they receive a nominal fee for the

substantial time and services they volunteer.  See 29 USCA 203(e)(4)(A)(i).  Moreover, the City

does not employee any of its Volunteer Firefighters for similar services.  See 29 USCA

8

203(e)(4)(A)(ii).  Even the part time fire chief is not required to respond to all fire/emergency calls.  It should be noted, however, that there is one Volunteer Firefighter who also works in the City's Department of Public Works and that from time to time some of the Volunteer Firefighters have also been employed as part-time dispatchers. The City does not employ full or part time fire/medical emergency personnel and the job duties of dispatchers and employees of the Department of Public Works are not similar.

The nominal fee which the Volunteer Firefighters receive is also within the parameters discussed in case law (see *Harris*) and Department of Labor Wage & Hour Opinion Letters. Gibraltar Volunteer Firefighters receive $15.00 per responding hour and are issued a Form-1099 MISC.  The nominal fee is only received by those who respond to a call and carry out work associated with that call; they are not paid travel time to the City's fire station.  The average Form-1099 MISC payment is $1,500.00; clearly such compensation is well below 20 percent of what it would cost to hire a full time employee to perform the same services.

Additionally, the personal benefits a Gibraltar Volunteer Firefighter may receive in addition to his nominal fee, will not destroy his volunteer status pursuant to Application of the Fair Labor Standards Act to Employees of State and Local Governments, 29 CFR 553.106. According to 29 CFR 553.106, a Gibraltar Volunteer Firefighter does not lose his volunteer status merely because he is reimbursed for Michigan state firefighter and emergency medical technician licensing, certification, training, and testing.  These skills and certifications are necessary to a Volunteer Firefighter, and for liability reasons, without which a Volunteer's time and services would be greatly reduced and of limited value.  Moreover, it should be noted that there are many hours a Gibraltar Volunteer Firefighter volunteers without any compensation. For example, while tuition may be reimbursed, a Volunteer must attend the mandatory firefighter

9

and emergency medical technician training and testing on his own time, scheduled around his own job, without receiving any other compensation. Without the receipt of these limited personal benefits, many municipalities would simply be unable to provide volunteer fire/emergency services to its residents.

Gibraltar Volunteer Firefighters also receive the benefit of possible eligibility for Worker's Compensation in the event they are injured while volunteering. This, however, is good public policy and state law, not evidence of an employment relationship. A Volunteer is also subject to an interview process, to ensure they are advised of the obligations they will be assuming, and a back-ground check, to ensure potential volunteers will not pose a risk to the community. Again, this is a matter of safety and liability on behalf of the City, not evidence of an employment relationship.

Lastly, also supporting the determination that Gibraltar Volunteer Firefighters are actually volunteers instead of employees is the fact that they are not required or mandated to respond to calls; that they receive no benefits such as health insurance or premium pay; and that the City Council has no control over a Volunteer's service. All of the above descriptions were testified to by the Gibraltar Fire Chief during his two depositions and in an affidavit. The entire deposition, with relevant portions highlighted, is attached at Exhibit 5 and the affidavit is attached as Exhibit 6.

Simple application of the FMLA, FLSA and CFR supports the Defendant City's position that the Gibraltar Volunteer Firefighters are not employees. It is clear that receiving some sort of personal benefit does not eliminate one's volunteer status. If the Volunteers cannot be considered employees then Plaintiff cannot count them as such in an effort to satisfy the FMLA's 50 employee requirement. There is no genuine issue of material fact as to the existence of an

essential element of a prima facie FMLA violation, Plaintiff cannot bear his burden and satisfy all of the FMLA's eligibility requirements, he is not entitled to its benefits and protections and, thus, Defendant's City's request for summary judgment of dismissal should be granted.

**II.    THERE IS NO CASE LAW SUPPORTING PLAINTIFF'S ASSERTION THAT GIBRALTAR VOLUNTEER FIREFIGHTERS ARE ACTUALLY CITY EMPLOYEES; THEREFORE, PLAINTIFF CANNOT SATISFY THE FMLA'S ELIGIBILITY REQUIREMENTS AND, THUS, DEFENDANT CITY SHOULD BE GRANTED SUMMARY JUDGMENT OF DISMISSAL.**

Plaintiff has previously cited *Todaro v. Township of Union*, 40 F. Supp.2d 226 (1999), *Krause v. Cherry Hill Fire District 13*, 969 F. Supp. 270, and *Rodriguez v. Township of Holiday Lakes*, 866 F. Supp. 1012, as support for his claim before this Honorable Court, and as reasoning for his refusal to dismiss this action.  This Honorable Court has seen Plaintiff cite these cases, without providing any analysis, argument or discussion, as support for his Motion to Compel Discovery.  While the three cases do analyze the volunteer status of various public safety employees pursuant to the FLSA, they do not lend any support to Plaintiff's assertion that the Gibraltar Volunteer Firefighters are, in fact, employees instead of volunteers.

Those volunteering police services in hopes of receiving the benefit of being eligible for private sector work were deemed to be volunteers in *Todaro*.  The *Todaro* court noted that the definition for "volunteer" found at 29 CFR 553.101 "fails to reflect the fact that a person who volunteers services may be motivated...by reasons of personal purpose or pleasure... that are other than civic, charitable, or humanitarian.'" *Id* at 230.  The court goes on to state that the protections provided by the FLSA "were not intended to sweep everyone under the minimum wage umbrella" and that the "definition of volunteer must be applied in a common-sense way that takes into account the totality of the circumstances. *Id* at 230.  Furthermore, "the regulatory

11

definition does not require that the individual be exclusively, or even predominately, motivated by civic, charitable or humanitarian reasons." *Id* at 230.

The analysis in *Todaro* lends support to Defendant City's position. Gibraltar Volunteer Firefighters may obtain a personal benefit, such as becoming a certified firefighter or emergency medical technician, however, it still comes at a cost to them as they must volunteer their time to complete those extensive and time consuming classes and tests as well as attend Gibraltar Fire Department trainings. Furthermore, pursuant to case law and the CFR, one's volunteerism is not required to be exclusively motivated by civic and charitable reasons.

In *Krause,* the township eliminated hourly pay to firefighters who worked an overnight shift and instead compensated the firefighters a nominal fee per shift and labeled them volunteers. The *Krause* court deemed the firefighters to be employees as they had previously expected and received compensation greater than a nominal fee and because former employees cannot assume volunteer status after the employment relationship had been created. *Krause* at 277-278.

The present case is vastly different than that of *Krause*. In *Krause*, the employer changed the employee status to that of volunteer for those who worked the overnight shift while staffing a fire station. The *Krause* plaintiffs were essentially stripped of the employment status and deemed to be volunteers by the township. While Plaintiff may point to the hourly rate that was received in *Krause* as indicative of an employment relationship, it does not apply to our case as the Gibraltar Volunteer Firefighters do not work shifts, do not staff a fire station, and maintain other employment unlike the plaintiffs in *Krause*. Gibraltar Volunteer Firefighters are paid per call to which they respond, with no mandatory response, just as contemplated in 29 CFR 553.106.

12

In *Rodriguez*, the court found that an unpaid full time police officer who maintained his service as a full time unpaid employee only to be eligible for employment as a construction flagman in a neighboring county was, in fact, an employee. The *Rodriguez* court determined that the plaintiff was an employee for purposes of the FLSA as an employment relationship had been contemplated by the City because the plaintiff was considered an employee subject to the city's personnel policies (including social security, worker's compensation, sick/vacation time), because he worked full time, because a city council member considered him to be an employee, and because he was motivated solely to maintain his eligibly for employment in the neighboring county.

Unlike *Rodriguez*, Gibraltar Volunteer Firefighters do not maintain their volunteer positions in order to be eligible for other employment. Defendant City is unaware of no such employment agreements in the geographical area and Plaintiff has not provided any examples. Furthermore, Gibraltar Volunteer Firefighters receive no health insurance/sick or vacation time/premium pay/social security benefits as did the employee in *Rodriguez*. However, it should be noted that the Gibraltar Volunteer Firefighters are expected to maintain a clean driving and criminal record for both liability reasons and pursuant to state safety standards; this, however, is not indicative of an employment relationship. Lastly, should a Gibraltar Volunteer Firefighter receive some personal benefit, their volunteer status is not destroyed. *Todaro* at 230.

*Krause* and *Rodriguez*, have one other element in common and that is a discussion regarding the economic realties test. In an attempt to apply the FLSA and CFR provisions regarding employee v. volunteer status some attorneys have turned to the economic realties test. However, both the *Krause* and *Rodriguez* courts have determined that the test should not be applied when attempting to determine one's volunteer status pursuant to the FLSA; instead, the

13

test is best suited to determine whether an individual is in business for himself as an independent

contractor. *Krause* at 270, 274-276, *Rodriguez* at 1020.

Again, simple application of the FLSA, CFR, and case law support the Defendant City's

position that the Gibraltar Volunteer Firefighters are not employees. It is clear that receiving

some sort of personal benefit does not eliminate one's volunteer status. Furthermore, there is no

employment relationship between the City and the Gibraltar Volunteer Firefighters causing them

to be considered employees instead of volunteers. If the Volunteers cannot be considered

employees, then Plaintiff cannot count them as such in an effort to satisfy the FMLA's 50

employee requirement. There is no genuine issue of material fact as to the existence of an

essential element of a prima facie FMLA violation, Plaintiff cannot bear his burden and satisfy

all of the FMLA's eligibility requirements, he is not entitled to its benefits and protections and,

thus, Defendant City's request for summary judgment of dismissal should be granted.

### Conclusion

Plaintiff has no proper claim before this Honorable Court. Plaintiff purports to assert a

claim for FMLA violation, yet he cannot truthfully allege or plead a prima facie case. Plaintiff's

own Complaint is evidence that he cannot set forth a prima facie case of FMLA violation, as he

failed to state he satisfies each of the three "eligible employee" requirements. Pursuant to 29

CFR 825.108(d), even employees of public agencies, as Plaintiff is, must meet all of the FMLA

eligibility requirements to be entitled to the act's protections and benefits. While Plaintiff can

satisfy the 12 month and 1250 hour requirements, the City did not and does not have 50

employees, making it impossible for Plaintiff to claim the status of an "eligible employee" under

the FMLA. Taking into consideration the deposition of Fire Chief VanCalbergh and his

affidavit, Defendant's Response to Plaintiff's Request to Admit, the text of the FMLA, the FLSA

and the CFR, Department of Labor Wage & Hour Opinion Letters, as well as case law, the

Defendant has carried its burden in establishing that there is no genuine issue of material fact as

to the existence of an essential element of a prima facie FMLA violation.  Plaintiff can not bear

his burden and satisfy all of the FMLA's eligibility requirements, he is not entitled to its benefits

and protections and, thus, Defendant City respectfully requests that this Honorable Court grant

its Motion for Summary Judgment of Dismissal together with costs and attorney fees.

> Respectfully submitted,
>
> LOGAN, HUCHLA & WYCOFF, P.C.
> Attorneys for Defendant
>
> By:_____/s/_____.
>     Charles E. Wycoff (P23804)
> 13900 Sibley Rd., P.O. Box 2148
> Riverview, Michigan 48193
> (734) 283-5300

DATED:  September 20, 2011

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PAUL MENDEL,

     Plaintiff,

-vs-                  Case No. 2:11-cv-10496-VAR-MKM
                           HON. VICTORIA A. ROBERTS

CITY OF GIBRALTAR,

     Defendant.

                                   /

| | |
|---|---|
| LAWRENCE R. WEBB (P33356) | CHARLES E. WYCOFF (P23804) |
| Attorney for Plaintiff | LOGAN, HUCHLA & WYCOFF, P.C. |
| 17000 W. Ten Mile Road | Attorney for Defendant |
| 2nd Floor | 13900 Sibley Rd., P.O. Box 2148 |
| Southfield, MI 48075 | Riverview, MI 48193 |
| (248) 395-9750 | (734) 283-5300 |

                                   /

## CERTIFICATE OF SERVICE
## OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AND BRIEF IN SUPPORT

     I hereby certify that on September 20, 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Lawrence R. Webb (P33356), and I hereby certify that I have mailed by United States Postal Service the foregoing papers on the Honorable Judge Roberts on September 21, 2011.

                                  By:_____/s/_____.
                                  Cassandra Booms
                                  LOGAN, HUCHLA & WYCOFF, P.C.
                                  Attorneys for Defendants
                                  13900 Sibley Rd, P.O. Box 2148
                                  Riverview, MI 48193
                                  (734) 283-5300
                                  cbooms@lhwpc5.net
                                  P71998