UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MENDEL,

    Plaintiff-Appellant,

vs                                                               Case No:  11-10496
                                                               Honorable Victoria A. Roberts

CITY OF GIBRALTER,

    Defendant-Appellee,
_____/

**ORDER IN RESPONSE TO REMAND ORDER FROM THE SIXTH CIRCUIT**

      This matter is on appeal to the Sixth Circuit Court of Appeals. Paul Mendel, Plaintiff-Appellant and *amicus curiae* Department of Labor, ask the Sixth Circuit to hold that volunteer firefighters are employees for purposes of relevant federal law; the City of Gibraltar argues that they are not.

      The volunteer firefighters were not parties to this litigation when the matter was before this Court for decision. They are not parties to the appeal. However, the Sixth Circuit believes that they may be indispensable parties under Fed. R. Civ. P. 19(a)(1)(B)(I) and that they may have legal interests that will be directly and significantly affected regardless of the outcome of the appeal. Accordingly, the Sixth Circuit entered an order on December 14, 2012, asking this Court to determine whether the volunteer firefighters are, in fact, indispensable parties.

      On Monday, January 14, 2013, the Court held a telephone conference. Attending were Lawrence Webb representing Paul Mendel, the Plaintiff-Appellant, Cassandra Booms representing the City of Gibraltar, Defendant-Appellee, and Rachel

1

Goldberg representing the Department of Labor, *amicus curiae*. Based on the discussion held, the following is ordered:

1. Counsel for the parties must make submissions which address Fed. R. Civ. P. 19(a)(1)(a): whether in the absence of the volunteer firefighters, the Court can accord complete relief among the existing parties. Counsel for the parties must make submissions which also address Fed. R. Civ. P. 19(a)(1)(B)(ii): whether in the absence of the firefighters, any existing party would be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest of the volunteer firefighters. Counsel must meet and confer and, if they are in agreement, a joint submission will suffice on either or both of these issues.

2. Counsel for the parties must meet with the volunteer firefighters' association and its legal representative. The purpose of the meeting will be to inform the volunteer firefighters of this litigation and the order from the Sixth Circuit. The end goal of such a meeting will be to obtain a submission from the volunteer firefighters which addresses Fed. R. Civ. P. 19(a)(1)(B): whether in the absence of the volunteer firefighters: (1) their ability to protect their interests will be impaired or impeded, or, (2) an existing party may be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest of the volunteer firefighters.

3. Counsel for the City of Gibraltar must arrange the meeting with the firefighters to occur as soon as possible, and notify the Court as soon as it

is set up.

The requested submissions are due 30 days after counsel meets with the volunteer firefighters. Once the Court reviews the submissions, it will decide whether factfinding is necessary before responding to the Sixth Circuit.

**IT IS ORDERED**.

                                              /s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: January 14, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 14, 2013.
>
> S/Linda Vertriest
> Deputy Clerk